IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PATRICIA KAY DUDLEY | § | |
| | § | |
| | § | |
| vs. | § | CASE NO. 6:24-cv-00246-JDK-KNM |
| | § | |
| | § | |
| EAST TEXAS EDUCATIONAL | § | |
| INSURANCE, *et al*. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Patricia Kay Dudley, proceeding *pro se* and *in forma pauperis*, filed the above-styled lawsuit on July 12, 2024. The case is referred for all pretrial matters pursuant to a standing order in accordance with 28 U.S.C. § 636.

The original pleading stated that Plaintiff is suing East Texas Educational Insurance, Chapel Hill ISD – Tyler, and TDI Division of Worker's Compensation. The pleading sought reconsideration of a decision concerning Plaintiff's claim for worker's compensation benefits following an accident that occurred on September 13, 2022, and a new maximum medical improvement rating. Plaintiff stated that she sustained a permanent injury and she seeks to recover damages.

The original pleading did not allege facts showing a basis for federal jurisdiction. As a result, the Court entered an order providing Plaintiff an opportunity to amend her pleadings to identify a cause of action and her basis for seeking federal court jurisdiction.

Plaintiff filed her amended complaint on July 24, 2024. Plaintiff again identifies the defendants as Chapel Hill ISD – Tyler, East Texas Educational Association, and TDI Division of

Workers' Compensation. Plaintiff provides Texas addresses for all parties. Plaintiff re-asserts the allegation that she was injured on September 13, 2022 in an accident while driving a Chapel Hill ISD school bus. The amended complaint identifies two state law causes of action: (1) negligence and (2) breach of contract. Plaintiff asserts that her damages exceed $75,000.00 and she is seeking a fair maximum medical improvement rating.

Federal courts have only the power authorized them by Congress pursuant to Article III of the Constitution. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331 (1986); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 509 (5th Cir. 1997). The burden is on Plaintiff, as the party in this case seeking the federal forum, to establish federal jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). An action must be dismissed if the court determines that subject matter jurisdiction is lacking. FED. R. CIV. P. 12(h)(3).

Plaintiff has not alleged or shown subject matter jurisdiction in this case. She does not explain why she is seeking relief in federal court as opposed to an appropriate state court. The pleadings do not reveal diversity of citizenship among the parties. Plaintiff provides Texas addresses for all parties. As a result, the complaint does not state a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332, regardless of whether Plaintiff's damages exceed $75,000.00.

In the absence of diversity jurisdiction, a plaintiff must allege a cause of action pursuant to federal law to proceed in federal court. The pleadings, however, do not identify a federal statute that provides a basis for federal jurisdiction in this case pursuant to 28 U.S.C. § 1331 and none is apparent. Plaintiff states that she is asserting claims for negligence and breach of contract. Those are claims brought pursuant to Texas, as opposed to federal, law. The complaint fails to establish subject matter jurisdiction.

## RECOMMENDATION

It is recommended that the complaint be dismissed without prejudice for lack of subject matter jurisdiction. FED. R. CIV. P. 12(h)(3).

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). Written objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 27th day of July, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE